IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI DI CAGLIARI, CENTRE NATIONAL DE LA RECHERCHE SCIENTIFIQUE, UNIVERSITÉ DE MONTPELLIER, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 15-416-LPS-CJB |
| GILEAD PHARMASSET LLC, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Presently pending before the Court in this action is Defendant Gilead Pharmasset LLC's ("Gilead") "Motion to Dismiss for Lack of Subject Matter Jurisdiction[,]" filed pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "motion to dismiss"). (D.I. 9) For the reasons discussed below, the Court recommends that the Motion be GRANTED.

I. BACKGROUND

In order to provide context for the parties' arguments and the Court's decision with respect to the motion to dismiss, the Court first provides a brief summary of this matter and other relevant matters currently pending before the United States Court of Appeals for the Federal Circuit and this Court.

A. The Instant Action ("*Idenix II*")

On May 21, 2015, Plaintiffs Idenix Pharmaceuticals LLC, Universita Degli Studi di Cagliari, Centre National de la Recherche Scientifique and Université de Montpellier ("Plaintiffs" or "Idenix") filed this action pursuant to 35 U.S.C. § 146 ("Section 146"). (D.I. 1)

1

Idenix's Complaint seeks review of certain decisions of the United States Patent and Trademark Office ("PTO") in Interference No. 105,981 (the "'981 Interference"), which was declared on December 3, 2013 and which involved Idenix's United States Patent No. 7,608,600 (the "'600 patent") and Gilead's United States Patent Application Serial No. 11/845,218. (*Id.* at ¶¶ 1, 33, 59)

Just a few weeks prior to the filing of Plaintiffs' Complaint, however, a panel of the Federal Circuit had ruled that "the [Leahy-Smith America Invents Act] eliminated district courts' subject matter jurisdiction under pre-AIA [Section] 146 to review decisions in interference proceedings declared after September 15, 2012." *Biogen MA, Inc. v. Japanese Found. for Cancer Research*, 785 F.3d 648, 660 (Fed. Cir. 2015). Accordingly, the Federal Circuit explained that parties seeking review of a decision in an interference proceeding declared after September 15, 2012 must file an appeal with the Federal Circuit pursuant to 35 U.S.C. § 141 ("Section 141"). *Id.* at 657.

In their Complaint, Plaintiffs acknowledged that the *Biogen* decision "may be read as precluding this Court's [subject matter] jurisdiction" over the action, but they noted that *Biogen* had not yet run its appellate course, and that they were therefore filing the instant action "to exercise and preserve their right to pursue a Section 146 action." (D.I. 1 at 3 n.1) They explained that they intended to "also . . . file a notice of appeal for review of the '981 Interference by the [Federal Circuit] under [Section] 141 in order to preserve that alternate avenue of relief in the event that relief under Section 146 is unavailable." (*Id.*)

**B.     The Section 141 Appeal**

Plaintiffs did so the next day, filing a "Notice of Appeal" seeking review of the same

rulings in the '981 Interference in the Federal Circuit pursuant to Section 141 (the "Section 141 appeal"). *See Storer v. Clark*, Appeal No. 15-1802 (Fed. Cir.); *see also* (D.I. 11, ex. 1; D.I. 16 at 8). On July 27, 2015, Idenix filed a motion to stay the Section 141 appeal (the "motion to stay"), in which they requested that the Federal Circuit either: (1) stay the briefing schedule until final resolution of *Biogen*, and in the event the panel decision in *Biogen* remained undisturbed, then until resolution of *Idenix II*; (2) in the alternative, dismiss the Section 141 appeal without prejudice to reinstatement after final resolution of *Biogen* and *Idenix II*. (D.I. 18, ex. 1) On August 7, 2015, the Federal Circuit denied the motion to stay, (*id.*, ex. 2), and the appeal has since proceeded, with briefing now closed and oral arguments to be scheduled next, *see Storer v. Clark*, Appeal No. 15-1802 (Fed. Cir.).

### C. *Idenix I*

Before the PTO declared the '981 Interference, it had declared an earlier interference, Interference No. 105,871 (the "'871 Interference") in February 2012. (*See* D.I. 16 at 2-5) The '871 Interference involves a patent and application from the same patent families as those at issue here. (*Id.*) The PTO entered judgment against Idenix in January 2014, and shortly thereafter Idenix filed an action in this Court pursuant to Section 146 seeking review of decisions in the '871 Interference. (*Id.* at 4-5); *see also Idenix Pharms., Inc. v. Gilead Pharmasset LLC*, Civil Action No. 14-109-LPS ("*Idenix I*") (D. Del.). There is no dispute that this Court has jurisdiction over *Idenix I*, since the '871 Interference was declared before September 15, 2012. (D.I. 16 at 4; D.I. 18 at 5-6)

Two additional cases are proceeding in this Court under the same discovery schedule as *Idenix I*. One relates to Gilead's alleged infringement of the '600 patent, while the other case was

3

transferred from the United States District Court for the District of Massachusetts and is said to involve an earlier, unrelated patent family. *See Idenix Pharms., Inc. v. Gilead Sci., Inc.*, Civil Action No. 13-1987-LPS, (D. Del.); *Idenix Pharms., Inc. v. Gilead Sci., Inc.*, Civil Action No. 14-846-LPS (D. Del.); *see also* (D.I. 16 at 5 n.2).

Trials in all of these matters are scheduled to occur in October and December 2016. (D.I. 16 at 5)

## II. DISCUSSION

Gilead's motion to dismiss is based on the Federal Circuit's holding in *Biogen*. (D.I. 10; D.I. 18) In their opposition to the motion to dismiss, Plaintiffs submitted that the Court should defer any ruling until the *Biogen* appeal ran its course. (D.I. 16 at 10-12) That has now occurred, as on August 12, 2015, the Federal Circuit denied *en banc* review, *Biogen MA, Inc. v. Japanese Found. for Cancer Research*, slip op. (Fed. Cir. Aug. 12, 2015), and on March 21, 2016, the Supreme Court denied Biogen MA, Inc.'s petition for a writ of certiorari, *Biogen MA, Inc. v. Japanese Found. for Cancer Research*, 136 S. Ct. 1450 (2016). Pursuant to the Federal Circuit's clear and undisturbed holding in *Biogen*, then, this Court lacks subject matter jurisdiction to review the '981 Interference at issue in this case, which was declared after September 15, 2012.

Plaintiffs had asserted that if this all came to pass (i.e., if the *Biogen* panel decision remained undisturbed after further appellate review), then the Court should transfer this action to the Federal Circuit (rather than dismiss it), and that it should only do so after *Idenix I* has concluded in this Court. (D.I. 16 at 12-16) They argued that allowing *Idenix I* to conclude first would be "more orderly" since that case began first, and because it will contain a much larger record relating to common issues than that in the Section 141 appeal. (*Id.* at 13; *see also id.* at 3

4

(explaining that if *Idenix II* is transferred to the Federal Circuit before *Idenix I* concludes in this Court, "the two actions would fall out of order and, as a result, unhelpfully send to appeal this case, with a narrower record, before the earlier case, which will have a fuller record"))

The Court does not find Plaintiffs' proposal to be appropriate in these circumstances. For the following reasons, it instead finds Gilead's Motion to be well-taken.

With regard to Plaintiffs' request that this case be transferred to the Federal Circuit, it is true as a general matter that where a court finds that it lacks jurisdiction, it may transfer the action "to any other . . . court in which the action or appeal could have been brought[,]" so long as such a transfer "is in the interest of justice[.]" 28 U.S.C. § 1631; (*see also* D.I. 16 at 10; D.I. 18 at 5). But as Gilead points out, "Idenix *has already brought a separate appeal* in the Federal Circuit from the same PTO decision within the applicable deadlines." (D.I. 18 at 5 (emphasis in original)) And so the Court agrees that in light of the existence of the Section 141 appeal, "there is no reason to send the Federal Circuit a second appeal challenging the exact same decision." (*Id.*)

Idenix asserts that the pendency of the Section 141 appeal "does not affect the appropriateness of a transfer" of *Idenix II* because of "the uncertainty of how [the Section 141 appeal] may proceed including whether it be affected by any further proceedings in the *Biogen* case." (D.I. 16 at 12 n.5) But now there is no longer any such uncertainty. *Biogen* has run its full course, and the Section 141 appeal has been moving along in the Federal Circuit. Therefore, it would be fruitless to wait to take action in this case until after *Idenix I* has concluded.

Indeed, waiting to rule on this Motion until after the trial in *Idenix I* would appear to run counter to the wishes of the Federal Circuit. The Section 141 appeal is proceeding accordingly

because, in denying Idenix's motion to stay there, the Federal Circuit seems to have considered, and rejected, Idenix's arguments regarding the proper order in which the respective *Idenix* matters should move forward. (*See* D.I. 18 at 5-6 (citing *id.*, ex. 1 at 12-13 (Idenix arguing in its motion to stay in the Section 141 appeal that it would be premature and inefficient to proceed with the appeal before this Court decides the instant motion to dismiss and before this Court "sorts out how to handle [the instant matter] and its relationship to *Idenix I* in the first instance")))

### III. CONCLUSION

Accordingly, the Court recommends that Gilead's motion to dismiss be GRANTED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: July 5, 2016

_____
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE