IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IDENIX PHARMACEUTICALS LLC, UNIVERSITA DEGLI STUDI di CAGLIARI, CENTRE NATIONAL de la RECHERCHE SCIENTIFIQUE, and UNIVERSITÉ de MONTPELLIER, <br><br>Plaintiffs, <br><br>v. <br><br>GILEAD PHARMASSET LLC, <br><br>Defendant. | C.A. No. 15-416-LPS-CJB |

**MEMORANDUM ORDER**

WHEREAS, United States Magistrate Judge Christopher J. Burke issued a six-page Report and Recommendation ("R&R") (D.I. 23), dated July 5, 2016, recommending that Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1) (D.I. 9) be granted;

WHEREAS, on July 22, 2016, Plaintiffs filed their objections to the R&R (D.I. 24);

WHEREAS, on August 8, 2016, Defendant responded to Plaintiffs' objections (D.I. 25);

WHEREAS, the Court has considered the motion *de novo*, *see Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. ("Rule(s)") 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiffs' objections (D.I. 24) are OVERRULED. Judge Burke's R&R (D.I. 23)

is ADOPTED in full. Defendant's motion (D.I. 9) is GRANTED and the case is DISMISSED.

2. The Court is bound by the Federal Circuit's precedential opinion in *Biogen MA, Inc. v. Japanese Foundation for Cancer Research*, 785 F.3d 648 (Fed. Cir. 2015), which held that district courts lack subject matter jurisdiction, pursuant to 35 U.S.C. § 146, over challenges to the result of a PTO interference that was declared after September 15, 2012. The Federal Circuit denied *en banc* review of its decision in *Biogen* and the Supreme Court denied a petition for a writ of certiorari. *See* 136 S. Ct. 1450 (2016). As this case involves a challenge to the result of a PTO interference that was declared after September 15, 2012, the Court lacks jurisdiction to resolve the parties' dispute

3. The Court is not persuaded that it should exercise its discretion to stay this action, hold the motion to dismiss in abeyance, or – instead of dismissing the action – transfer this case to the Federal Circuit, which does have jurisdiction to hear challenges to the result of an interference. *See* 35 U.S.C. § 141. Plaintiff has pending an appeal in the Federal Circuit from the same interference to which the instant action is directed. *See Storer v. Clark*, 15-1802 (Fed. Cir.). Plaintiff may, of course, if it wishes now appeal this Court's dismissal of this action.

4. Given the reasoning provided in the R&R, and given that both parties' arguments are fully addressed by the R&R to the extent not addressed here, the Court finds it unnecessary to address Plaintiffs' Objections any further.

November 16, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE